WILLIAM T. SAXON *et al.*, administrators, plaintiffs in error, SUSANNAH *vs.* SHEPPARD, defendant in error.

1. A paper purporting to be a return by a trustee to the ordinary, and which, though sworn to, does not appear to have been examined, approved, and ordered to be recorded, is not evidence in favor of the trustee. Nor are the sayings or declarations of the trustee admissible in his favor, or in favor of his administrator after his death.

2. Whilst it was error in the court to charge the jury that a trustee cannot defend himself by showing that the trust funds were *bona fide* invested in Confederate funds and thus lost, unless he has made and filed the affidavit allowed by the act of 1866, yet, as the verdict in this case is for no more than the jury ought to have found even had there been no error in the charge, this court will not reverse the judge in refusing to grant a new trial.

Saxon *et al. vs.* Sheppard.

Trusts. Evidence. Ordinary. New trial. Confederate money. Before Judge STROZER. Calhoun Superior Court. September Term, 1874.

Susannah Sheppard brought debt against Samuel C. Saxon, as principal, and William Maury and Redding Strickland, as securities, on a bond given by said Saxon as trustee for the plaintiff, on November 26th, 1860, conditioned in the sum of $3,784 00, to perform all the duties legally required of him as such trustee, and to render an account of the principal and interest of the moneys in his hands, when legally called on to do so.

Pending the suit Samuel C. Saxon died, and his administrator, William T. Saxon, and administratrix, Nancy A. Saxon, were made parties in his place.

The defendants pleaded, in substance, that all moneys coming into the hands of such trustee had been fully accounted for by him while in life, except such as had been invested in Confederate bonds, in compliance with the act of March, 1864.

The evidence in the case was voluminous, and is omitted as not material to the questions of law made before this court.

In the course of the trial, the defendants tendered in evidence the following paper:

"Samuel C. Saxon in account with Susannah Sheppard, from June, 1861, to January, 1866:

"Under the requirements of the state laws, I invested $1,650 00 in Confederate bonds.

"Paid out none. Received none.

      (Signed)           "SAMUEL C. SAXON.

"Sworn to and subscribed before me,
    this January 3d, 1866.
      "W. E. GRIFFIN, *Ordinary.*"

It was shown that this document was found in the ordinary's office a few years before the trial, after the death of

the trustee; that it had never been recorded; that about the time of this return the Federal soldiers took possession of the court-house; that the papers were removed, and this one misplaced.

On objection, this evidence was rejected, and the defendants excepted.

The jury found for the plaintiff principal $592 01, and interest $405 14. The defendants moved for a new trial, upon the ground that the court erred in refusing to allow them to show by various witnesses what the trustee had stated to them during life as to his disposition and investment of the trust funds, and because the court erred in charging the jury as follows: "If this trust fund, by being loaned out and collected again, was converted into Confederate money, and the several transactions were *bona fide* by the trustee, and he afterwards invested it in Confederate bonds, which were lost by the results of the war, then the trustee is not liable. If he failed to make such investment, or made it illegally, the trustee is only liable for the value of Confederate money in March, 1864, provided the proof showed that the trustee filed his affidavit with the ordinary in compliance with the act of 1866, identifying the money invested as the same which he received from the collection of the trust notes."

The motion was overruled, and the defendants excepted. Error is assigned upon the above grounds of exception.

Vason & Davis; T. J. Dunn, for plaintiffs in error.

R. F. Lyon; L. D. Munroe, for the defendant.

McCay, Judge.

1. The whole effect of a return to the ordinary turns on the fact that that officer, whose duty and jurisdiction it is to examine and pass upon it, has done so. If he has so done, his record and entries will show. It is his judgment and not the return, which is the evidence. The sayings of any one, dead or alive, in his own interest, are never admissible.

Sometimes, indeed, his declarations as a part of the *res gestæ* are. But this is no such case ; it is proposed to prove here, not only his sayings, but the *res gestæ* itself, by his sayings. That can never be done. Sayings, as part of a *res gestæ*, only come in to explain and qualify the *res gestæ*, and it is unheard of to prove the *res gestæ* by the sayings and then qualify it by the sayings.

2. We do not agree with the judge that the affidavit, under the act of 1866, is the only mode an administrator may use to show good faith in getting Confederate money he has invested. That is one way. But he may still show, if he can, the truth by other evidence. We do not, however, see how this hurt the defendant. The jury were, under the evidence, bound to find, at least, as much as they did, since no explanation was made as to how these funds got into Confederate money. Though the court was wrong on the point we have alluded to, it could not have affected the verdict. It would be folly for this court to send the case back for a mere theoretical error.

Judgment affirmed.